IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI, | No. C 09-5066 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING IN FORMA PAUPERIS APPLICATION** |
| v. | |
| SUPERIOR COURT, | |
| Respondent. | (Docket Nos. 2 & 4) |

Petitioner, a state prisoner, has filed a pro se petition for writ of mandamus in which he seeks an order directing the Clerk of the Alameda County Superior Court to transfer his case to another court. Writs of mandamus have been abolished in the United States District Courts. Fed. R.Civ.P. 81(b); *Finley v. Chandler*, 377 F.2d 548 (9th Cir. 1967). District courts may, however, grant writs in the nature of mandamus under 28 U.S.C. 1651 (the All Writs Act) when necessary or appropriate in aid of their jurisdiction. 28 U.S.C. § 1651; *Finley*, 377 F.2d at 548. The "in aid of their jurisdiction" language does not allow a district court to assume jurisdiction of a bare mandamus petition, when no other basis for federal jurisdiction appears. *Petrowski v. Nutt*, 161 F.2d 938, 939 (9th Cir. 1947). The district court may not issue original writs, even when violations of constitutional rights are alleged. *Ibid.* As the court stated in *Petrowski*, "the writ, when issued, would necessarily be auxiliary or ancillary in character and fashioned to preserve the jurisdiction given by other and original processes." 161 F.2d at 939.

1  It is thus clear petitioner is not entitled to the writ of mandamus that he seeks. This
2 matter is **DISMISSED**.

3  Leave to proceed in forma pauperis (docket numbers 2 and 4) is **GRANTED**.

4  **IT IS SO ORDERED.**

5 Dated: November ___30___, 2009.

6  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

HC09\ARI5066.DSM.wpd

2